## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RANDY MICHAEL PEREZ**                                                      **CIVIL ACTION**

**VERSUS**                                                                                  **NO. 19-10767**

**TWENTY-FOURTH JUDICIAL**                                       **SECTION: "A"(3)**
**DISTRICT COURT, ET AL.**

## REPORT AND RECOMMENDATION

Plaintiff, Randy Michael Perez, a state prisoner, filed this federal civil action pursuant to

42 U.S.C. § 1983.[1]  He named the following defendants:  the Louisiana Twenty-Fourth Judicial

District Court; the State of Louisiana; the Louisiana Department of Public Safety and Corrections;

the Louisiana Board of Pardons and Parole Committee; "New Orleans Probation/Parole"; "New

Orleans Sex Crimes"; and the Plaquemines Parish Detention Center.  In this lawsuit, he claimed

that his rights were violated in connection with his 2014 state criminal proceedings, his 2016

probation revocation proceedings, and his 2019 parole hearing.  As relief, he sought compensatory

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of
> any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of
> the United States or other person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper proceeding for redress, except that in any action
> brought against a judicial officer for an act or omission taken in such officer's judicial capacity,
> injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief
> was unavailable.

42 U.S.C. § 1983.

damages and asked that the Court order his release.[2]  He also filed a Motion for a Preliminary Injunction and Temporary Restraining Order.[3]

The Court held a <u>Spears</u> hearing in this case on October 17, 2019.  <u>See</u> <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).  "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement.  <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).  <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant.  <u>Id.</u>

In his complaint and <u>Spears</u> hearing testimony, plaintiff made the following allegations:

On March 17, 2014, plaintiff, pursuant to a plea bargain, pleaded guilty in the Louisiana Twenty-Fourth Judicial District Court to carnal knowledge of a juvenile.  He was given a ten-year suspended sentence and placed on five years active probation.

In 2016, plaintiff failed a drug test.  As a result, his probation was revoked, and the ten-year sentence was made executory.  He believes that it was unfair to revoke his probation for a drug violation because state officials were aware that he had previously been in the medical marijuana trade in Colorado.

In March of 2019, plaintiff sought and was denied parole.

At the <u>Spears</u> hearing, plaintiff testified that he was denied post-conviction relief in the state district court.  He stated that he did not seek relief in the Louisiana Supreme Court.

---

[2] Rec. Doc. 5, p. 5.
[3] Rec. Doc. 13.

After the <u>Spears</u> hearing, plaintiff filed a written supplement to his complaint[4] and amended his complaint to include a request for federal habeas corpus relief.[5]

## I.  Screening Standards

Plaintiff filed this federal civil action *in forma pauperis*.[6]  Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A.   That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)    seeks monetary relief from a defendant who is immune from such relief.

---

[4] Rec. Doc. 21.
[5] Rec. Docs. 22, 23, 25, and 26.
[6] Rec. Docs. 16 and 17.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing the complaint,[7] the undersigned recommends that plaintiff's federal civil rights claims be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.  The undersigned further recommends that plaintiff's request for federal habeas corpus relief be dismissed because he failed to exhaust his remedies in the state courts.  Lastly, the undersigned recommends that plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order be denied.

---

[7] The Court must liberally construe a pro se civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

## II.  Federal Civil Rights Claims

Plaintiff's federal civil rights claims fail for two reasons.  First, he has named improper defendants with respect to those claims.  Second, the claims are either prescribed or barred by Heck v. Humphrey, 512 U.S. 477 (1994).

### A.  Improper Defendants

#### 1.  State Defendants

Among the defendants sued in this lawsuit are the State of Louisiana, the Louisiana Department of Public Safety and Corrections, the Louisiana Board of Pardons and Parole Committee, "New Orleans Probation/Parole,"[8] and the Louisiana Twenty-Fourth Judicial District Court.  The claims against those defendants fail for two reasons.

First, states, state agencies, and state departments are not "persons" subject to suit under 42 U.S.C. § 1983.  See, e.g., Washington v. Louisiana, 425 F. App'x 330, 333 & n.2 (5th Cir. 2011).  Likewise, "state courts are not considered 'persons' within the meaning of § 1983." Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.), aff'd, 537 F.2d 1141 (5th Cir. 1976).

Second, the claims against the state defendants are also precluded by the Eleventh Amendment.  As the United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. ...  By statute, Louisiana has refused any ... waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not

---

[8] At the Spears hearing, plaintiff explained that this entity was intended to be the local office of the state probation department.

explicitly and by clear language indicate on its face an intent to sweep away the
immunity of the States.

<u>Cozzo v. Tangipahoa Parish Council-President Government</u>, 279 F.3d 273, 280-81 (5th Cir. 2002).

Accordingly, "it is settled that, absent an exception, the Eleventh Amendment necessarily

embraces claims asserted by individuals against states, their agencies or departments, and state

actors in their official capacities, as well as state courts." <u>Phillips-Berry v. Louisiana</u>, Civ. Action

No. 18-6037, 2018 WL 3762559, at *1 (E.D. La. Aug. 8, 2018), <u>aff'd</u>, 765 F. App'x 88 (5th Cir.

2019), <u>cert. denied</u>, 2019 WL 4922860 (U.S. Oct. 7, 2019).

### 2.  "New Orleans Sex Crimes"

Plaintiff has also listed "New Orleans Sex Crimes" as a defendant.  At the <u>Spears</u> hearing,

he explained that this reference was intended as an attempt to sue the New Orleans Police

Department ("NOPD").  However, "no law that confers upon the NOPD the authority to sue or be

sued.  In fact, courts in this District have consistently found that the NOPD lacks juridical

capacity." <u>Winn v. New Orleans City</u>, 919 F. Supp. 2d 743, 750 (E.D. La. 2013).

### 3.  Plaquemines Parish Detention Center

Lastly, plaintiff named the Plaquemines Parish Detention Center as a defendant.  However,

that is likewise improper because "a jail is merely a building, not a 'person' subject to suit under

42 U.S.C. § 1983." <u>Castillo v. Blanco</u>, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D.

La. Aug. 1, 2007).

### B.  Underlying Claims

### 1. Claims Concerning Plaintiff's Prosecution and Probation Revocation

The Court next notes that, even aside from the issue of plaintiff's failure to name a proper

defendant, his underlying claims that his federal civil rights were violated in connection with his

prosecution and probation revocation are legally frivolous because those claims were prescribed at the time this lawsuit was filed.

"Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed as frivolous.  Courts may raise the defense of limitations sua sponte in a § 1915 action."  Abston v. Federal Bureau of Prisons, 689 F. App'x 304, 304 (5th Cir. 2017) (citation, quotation marks, and brackets omitted).[9]

Regarding the statute of limitations, the United States Fifth Circuit Court of Appeals has held:

> The statute of limitations for Section 1983 claims is "the forum state's personal-injury limitations period," which in Louisiana is one year.  Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998).  "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions."  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993).  However, federal law governs when a Section 1983 claim accrues.  Jacobsen, 133 F.3d at 319.  This court has stated that "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Gartrell, 981 F.2d at 257.  As a result, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'"  Id. (quoting Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980)).

Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016).

---

[9] "Before entering a sua sponte dismissal on limitations grounds, a court must accord the parties fair notice and an opportunity to present their positions."  Juarez v. Anderson, 598 F. App'x 297, 297 (5th Cir. 2015) (quotation marks omitted).  By virtue of this Report and Recommendation, plaintiff is hereby placed on notice that the issue of prescription is being raised for the following reasons and that he has the opportunity to respond in an objection to the United States District Judge.  See Alexander v. Trump, 753 F. App'x 201, 208 (5th Cir. 2018) (noting that issuance of a Report and Recommendation adequately provides a plaintiff with notice of a Court's sua sponte invocation of a defense and an opportunity to respond), cert. denied, 139 S. Ct. 1200 (2019); Webster v. United States, Civ. Action No. 6:19-CV-00196, 2019 WL 2511167, at *1 (E.D. Tex. June 17, 2019).

Accordingly, plaintiff's claims that his rights were violated in connection with his prosecution accrued no later than when his criminal proceedings took place in 2014, and his claims concerning the probation revocation accrued no later than when that event occurred in 2016. After those claims accrued, he then had only one year to file suit. Because he did not file this federal complaint until well over one year later, i.e. on or after **April 24, 2019**,[10] those claims were prescribed at the time of filing.[11]

## 2. Claims Concerning the 2019 Parole Denial

Lastly, even if plaintiff were able to name proper defendants with respect to his claim that his federal civil rights were violated in the 2019 parole proceeding, that claim would nevertheless still be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

---

[10] Because plaintiff is a *pro se* prisoner, his complaint is "deemed filed as of the date that he duly submitted it to prison authorities for forwarding to the clerk of court." Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Here, that date is not apparent from the record; however, it was no earlier than April 24, 2019, the date of his letter to the United States District Court for the Middle District of Louisiana. See Rec. Doc. 5-1, p.1.

[11] It is true, of course, that a statute of limitations can be tolled. As previously noted, the Court looks to the forum state's law to determine whether a limitations period was tolled. Smith, 827 F.3d at 421. Regarding Louisiana's laws on tolling, the United States Fifth Circuit Court of Appeals has explained:

> Under Louisiana law, the doctrine *of contra non valentem* suspends the running of prescription in "exceptional circumstances." Lapuyade v. Rawbar, Inc., 190 So. 3d 1214, 1220 (La. Ct. App. 2016). Louisiana courts apply the doctrine of *contra non valentem* in four situations:
>
>> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
>> (4) where the cause of action is neither known nor reasonably known by the plaintiff even though plaintiff's ignorance is not induced by the defendant.
>
> Marin v. Exxon Mobil Corp., 48 So.3d 234, 245 (La. 2010).

LaShip, L.L.C. v. Hayward Baker, Inc., 680 F. App'x 317, 323 (5th Cir. 2017). Here, however, plaintiff has not identified any reason that the doctrine of *contra non valentem* would apply in this case.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted).  Because a judgment in plaintiff's favor on his claim that his rights were violated in the 2019 parole proceeding would necessarily imply the invalidity of the Parole Board's decision to deny him parole, Heck bars that claim.  See Jeffery v. Owens, 216 F. App'x 396, 397 (5th Cir. 2006); Breshears v. Garrett, 143 F. App'x 570, 572 (5th Cir. 2005).  Claims barred by Heck are legally frivolous.  See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 F. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 F. App'x 755 (5th Cir. 2003).

### III.  Habeas Corpus Relief

In his original complaint, one form of relief requested by plaintiff was release from custody.  That request was improper, because that form of relief cannot be granted in a civil rights action brought pursuant to 42 U.S.C. § 1983.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); accord Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

9

However, plaintiff subsequently amended his complaint to expressly include a request for federal habeas corpus relief.[12]  The complaint will therefore be construed in part as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  Nevertheless, it is clear that plaintiff is not entitled to such relief because he has not complied with the federal exhaustion requirement.[13]

Before seeking habeas corpus relief in the federal courts, an individual confined pursuant to a state court judgment must first exhaust his remedies in the state courts.  28 U.S.C. § 2254(b)(1).  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to *the state's highest court* in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court.  See La. Const. art. V, § 5(A).  At the Spears hearing, plaintiff testified that he has never presented his claims to the Louisiana Supreme Court.  Because the Louisiana Supreme Court has never been afforded an opportunity to pass upon his habeas claims, he has not yet exhausted his remedies in the state courts.  Therefore, his request for federal habeas corpus relief should be dismissed without prejudice.

[12] Rec. Docs. 22, 23, 25, and 26.
[13] A federal court may raise sua sponte the lack of exhaustion.  Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise sua sponte a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete."); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997).

## IV.  Motion for a Preliminary Injunction and Temporary Restraining Order

Plaintiff has also filed a Motion for a Preliminary Injunction and Temporary Restraining Order.[14]  Despite his request for a temporary restraining order, the motion must be construed solely as one for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order.  Neal v. Federal Bureau of Prisons, 76 F. App'x 543, 545 (5th Cir. 2003).

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction:  (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest.  See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Insurance Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985).  He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction.  See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

For the reasons already explained herein, plaintiff's claims are subject to immediate dismissal.  Therefore, he cannot show that there is a substantial likelihood that he will succeed on

---

[14] Rec. Doc. 13.

the merits of those claims, and, accordingly, his motion for a preliminary injunction should be denied.

<strong><u>RECOMMENDATION</u></strong>

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's federal habeas corpus claims be **DISMISSED WITHOUT PREJUDICE** based on his failure to exhaust his remedies in the state courts.

It is **FURTHER RECOMMENDED** that plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order, Rec. Doc. 13, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___10th___ day of January, 2020.


_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**


12